UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. WHITEHEAD, | ) | |
| Movant, | ) ) | |
| v. | ) ) | No. 4:14CV790 HEA |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent, | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on James Whitehead's motion to vacate judgment under 28 U.S.C. § 2255. The motion is barred by the statute of limitations.

Movant pled guilty to possession of cocaine base with intent to distribute in December 2006. United States v. Whitehead, 4:06CR565 HEA (E.D. Mo.). In March of 2007 the Court sentenced him to a prison term of seventy-two months to be followed by four years of supervised release. After movant was released from prison he violated the terms of his supervised release. The Court sentenced him to seven months' imprisonment in October 2013. Movant is currently incarcerated at USP Marion.

In the instant § 2255 motion, movant attacks his original conviction. He argues that his Fourth, Fifth, and Sixth Amendment rights were violated because he is actually innocent of the crime to which he pled guilty. He claims that former St. Louis police officer Bobby Garrett illegally searched his home, planted evidence there, and stole money from him. He further claims that his plea attorney should not have advised him to plead guilty.

Movant filed his § 2255 motion several years after the one-year limitations period in 28 U.S.C. § 2255(f) expired. Movant argues, however, that the motion should not be dismissed as

untimely because he is actually innocent, and he cites to the recent United States Supreme Court case McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), in which the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [through the] expiration of the statute of limitations." 133 S. Ct. at 1928.

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). In this case, the only evidence put forward by movant is his own affidavit. This is insufficient to support a claim of actual innocence, and therefore, the Court will dismiss this action as untimely.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. ' 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 20th day of May, 2014.

                                             HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE